Curia, per Savage, Ch. J.
This is an "action of slander for charging,the plaintiff with swearing;.tó a lie before arbitrators. •• The-facts are,-that while-the plaintiffwas giving testimony as a witness before-arbitrators,-the defendant charged him-with swearing-.to a damned-lie. On the trial at the circuit,-the plaintiff proved by parol the fact of-arbitration and 'thé terms of the submission; - He - then proved-the-testimony given by. him as-a-witness.- It appeared that the submission was in-writing, by,, bonds entered into by1 the- parties. The defendant’s counsel objected that the bonds were higher evidence, and ought to have • been produced. The judge decided that -the "parol evidence should be received, subject to the opinion of this *32 court. In the progress of the trial, it appeared that the had two meetings; that the plaintiff was examined at the first meeting^ that before the second meeting, the time of the submission had been enlarged; and *that at the second meeting, the plaintiff was cross-examined, without being sworn a second time; and it is contended, therefore, that although he may have sworn falsely at the last meeting, (when the charge was made,) such false swearing would not be perjury, and, of course, to charge him with such false swearing, cannot be actionable. The defendant also contends, that the charge was made as to an immaterial answer to an immaterial question, and, therefore, the verdict is against law.
The first question is the only important one.
When words are actionable in themselves, the plaintiff is not under the necessity of proving any thing but the speaking of the words charged in the declaration. [1] If, however, the words spoken are not actionable in themselves, but become so by the circumstances under which they were spoken, those circumstances must be averred in the declaration and proved on the trial. [2] In this case, the fact of ' the arbitration, the submission, the swearing of the plaintiff by a justice of the peace, and the materiality of the testimony given by the plaintiff, are no doubt averred in the declaration. I infer this from the case, though it is not expressly stated. Without the concurrence of all these circumstances, the plaintiff could not have committed perjury; and the words are actionable only because they import a charge of perjury. In order, therefore, to subject the defendant to damages for having charged the plaintiff with being guilty of perjury, the plaintiff must show that the charge, from the circumstances under which it was *33 made, did amount to a charge of,perjury. This, the plaintiff was sensible of at the trial, and introduced,proof of,all those circumstances. An objection,was made to, the quality, oí that proof. Upon the trial, of an indictment for perjury alleged to haye,bee.n committed on the trial-of a, cause,, the record qf such-cause-musthe produced. So much-of the, evidence must. be, proved as to show its materiality, and spell prefatory circumstances as are, averred fortthe same purpose,’ must he also, proved. (Stark. Ev. 1143.) Had the plain-, tiff been indicted.for perjury committed in swearing to *the fact which defendant said, was a lie,, the public, prosecutor, must-, have set forth in- his. indictment, and proved all the facts.and circumstances,.to give jurisdiction to the, arbitrators. and authority to the justice to,.administer the oath; and further, he would be bound to show the materiality.of the • testimony. On such., a trial, the prosecutor would be: bound to produce the. record of the former trial, that, being the highest evidence. If there was. nq record, then the next highest evidence must be produced. The submission of; the parties gives, jurisdiction to: the court, (the, arbitrators,)* and-when the .submission,is in writing,; that is better prq.of than ¡parol testimony. Such would be. the course on the trial of an, indictment, apd such,-1 apprehend, should have been the -course of proceedings- at the. circuit, The rule, is- general,: (and. admits, of very few exceptions,) that the best evidence, must be produced, This principle is so familiar, that nq authority need be. cited. [1] -
The exceptions, stated by the plaintiff’s .counsel are in the case of ; slander of-. an. attorney and of a clergyman. Berryman v. Wise,(4 T, R. 366,) was slander by an attorney for changes, against him as such attorney. It was objected at the trial, that the fact of his being,an attorney should be" proved by the roll of attornies. The, objection was overruled. On-a,motion-by, the .defendant;, to. set aside, the yerdict, and for a nonsuit to be- entered, Buller,, Justice, said, that in the case of all peace officers, justices of the peace, constables, *34 &c. it was sufficient to prove that they acted in those cha-
racters, without producing their appointments. [1] And in the case of Cummin v. Smith, (2 Serg. & Rawle, 440,) "the same rule was applied to a preacher of the gospei, where the defendant had said that the Rev. Thomas Smith was .guilty of perjury. [2] Tilghman, chief justice, in giving the opinion of the court, says: The objection is,' that Mr Smith’-s ordination should have been proved by the records ■.of the .church to which he belonged. This is certainly the best evidénce; hut the strictness of the rule is relaxed in cases -.where the defendant, by his actions or words, *has .avowed -the fact which is to be proved. In both these mases, the-defendant had, in making the charges, admitted the special character of the plaintiff. But those cases have mo application here. The defendant, by charging the plain-' tiiff with-swearing false, has not admitted any of those con©nmitant circumstances which render false swearing perjury. Tike case of Green v. Long, (2 Caines, 91,) supports the (P %aia$ne which-I assume as correct. There, the defendant fiacI charged the plaintiff with perjury in terms. By the notic'® attached-to the plea, the defendant stated the perjury was c ommitted'before a court martial. At the circuit, the plaintilff was nonsuited for not producing the proceedings of the court martidl,-which the defendant relied on in justification: but the learned judge stopped the plaintiff’s counsel upon the argument by saying he was clearly wrong at She circuit. It" ought ts have been presumed that every took place before a court of competent jurisdiction. The-onus lay on the defendant to show that it was otherwise. Whyt Bacausethe charge there was, “You have perjured yourself.” "ST-® allusion was made to anycourt at the time. The words Were actionable in themselves, and all the plaintiff was hound to prove was the speaking of the words. The defendant, then, was bound to prove those circumstances which constituted false swearing before that special *35 ant in that case. - trIbunal, perjury. Not so here. The onus lies on the ilaintiff here for a similar reason, that it lay on the defend-
I am of opinion, therefore, that a new trial must be granted.
There is no weight in either, of the other points made, by the defendant. The witness need be sworn but once on the trial of the same cause, though the matters in issue may be varied during the trial; and, as to the charge of falsehood „ being made to the question whether the witness had so testified on his first examination, that matter was settled by the verdict of the jury upon contradictory testimony, and, in my judgment, correctly.
New trial granted, with costs to abide the event.

 Coons v. Robinson, 3 Barb. S. C. Rep. 625. Crawford v. Wilson, 4 Barb. S. C. Rep. 504. Case v. Buckley, 15 Wen. 327. Demerest v. Haring, 6 Cow. 76.
For a reference to most of the leading English and American cases as to what words are and are not actionable per se, vide M’Cuen, ads. Ludlem, 1 Harris, N. J. Rep. 12; and Billings v. Wing, 7. Term. Rep. 437.

 Milligan v. Thorn, 6 Wen. 413. Hawks v. Hawkey, 8 East, 431. See also 12 Wen. 500. 3 Denio, 346. 1 id. 2Il. 1 Const. 177.

 The opinion.of theJearned judge in this case, is commented, on and explained in Jacobs y. Fyler, 3 Hill, 575.

 Pearce v. Whale, 5 Bam. & C. 38. Snow v. Peacock, 2 Carr. & P. 215, Per Best, Ch. J.

 Goshen v. Stonington, 4 Conn. 209, to Phil, Ev. p. 449, N. 280, 281. See also 1 Cowen & Hill’s notes